IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| AMBER ELIZABETH ALVESTEFFER, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )   No. 18-cv-3027 |
| NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY, | ) ) ) ) ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

TOM SCHANZLE-HASKINS, U.S. MAGISTRATE JUDGE:

Plaintiff Amber Elizabeth Alvesteffer appeals from the denial of her application for Supplemental Security Income under Title XVI of the Social Security Act.  42 U.S.C. §§ 416(i), 1381a and 1382c.  This appeal is brought pursuant to 42 U.S.C. §§ 405(g) and 1383(c). Alvesteffer filed a Motion for Summary Judgment (d/e 14).  The Defendant Commissioner filed a Motion for Summary Affirmance (d/e 19).  This matter is before this Court for a Report and Recommendation.  For the reasons set forth below, this Court recommends that the Decision of the Commissioner should be AFFIRMED in part and REVERSED and REMANDED.

PROCEDURAL BACKGROUND

On May 23, 2011, Alvesteffer's parent filed a claim for Supplemental Security Income on behalf of Alvesteffer who was then under 18 years of age. The application alleged that Alvesteffer became disabled on June 15, 2005. Alvesteffer was born on June 6, 1993 and did not turn 18 until June 6, 2011. On June 9, 2011, Alvesteffer filed an application for Childhood Disability Benefits from June 15, 2005, until her 18th birthday on June 9, 2011. The claims were denied initially and on reconsideration. On July 18, 2013, an Administrative Law Judge (ALJ) issued a decision denying the claims. On September 13, 2016, the United States District Court for the Middle District of Florida reversed and remanded the ALJ's decision. Alvesteffer lived in Florida at the time. R. 89-90, 584, 751-67.

On August 8, 2017, an ALJ in Florida held a second evidentiary hearing to consider the remanded claims. On October 31, 2017, the ALJ issued a decision denying both claims. On February 8, 2018, Alvesteffer filed this case for judicial review. Alvesteffer filed the action here because she moved after the October 31, 2017 hearing and now resides in Sangamon County, Illinois. See Application to Proceed in District Court Without Prepaying Fees or Costs (d/e 3), at ¶ 12; see 42 U.S.C. §§ 405(g); 1383(c) (venue is proper in the district in which the plaintiff resides).

ANALYSIS

This Court reviews the Decision of the Commissioner to determine whether it is supported by substantial evidence. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate" to support the decision. Richardson v. Perales, 402 U.S. 389, 401 (1971).

Alvesteffer did not raise any claim of error with respect to the ALJ's determination that she was not entitled to Childhood Disability Benefits. Alvesteffer, therefore, has forfeited any claim of error on issues related to her claim for Childhood Disability Benefits. See e.g., United States v. Sheth, __ F.3d __, 2019 WL 2083044 at *8 (7th Cir. May 13, 2019); Sansone v. Brennan, 917 F.3d 975, 983 (7th Cir. 2019). The ALJ's decision denying Childhood Disability Benefits should be affirmed.

The ALJ's denial of Supplemental Security Income, however, should be reversed and remanded. The ALJ made a clear reversible error that is not supported by substantial evidence. Under the Commissioner's regulations and the facts of this case, the ALJ had to determine Alvesteffer's Residual Functional Capacity (RFC) to determine her eligibility for Supplemental Security Income. See 20 C.F.R. 404.1520(f) and 416.920(f); R 583-85, 593. The ALJ found that, due to her mental impairments, Alvesteffer was moderately limited in understanding,

remembering, or applying information and moderately limited in concentrating, persisting, or maintaining pace. R. 585. The ALJ did not incorporate these limitations into Alvesteffer's RFC. Rather, the ALJ found that due to her mental impairments she was "limited to understanding and carrying out simple, repetitive, and routine tasks that require not more than basic decision-making and simple changes in the work setting." R. 594, 643-644.

This aspect of the ALJ's decision was error. When a claimant has mental impairments, the ALJ must incorporate the limitations from those impairments into the limitations into the RFC given to the Vocational Expert (VE). Varga v. Colvin, 794 F.3d 809, 814 (7th Cir. 2015); Yurt v. Colvin, 758 F.3d 850, 857 (7th Cir. 2014); O'Connor-Spinner v. Astrue, 627 F.3d 614, 618-19 (7th Cir. 2010). The ALJ in this case either had to: (1) incorporate into the RFC that Alvesteffer was moderately limited in understanding, remembering, or applying information and moderately limited in concentrating, persisting, or maintaining pace; or (2) secure an expert opinion from a psychologist or a psychiatrist or other qualified source of the functional limitations on her ability to work due to the effects of Alvesteffer's mental impairments, and incorporate that opinion of functional limitations into the RFC.

In <u>Dudley v. Berryhill</u>, __Fed. Appx.__, 2019 WL 2152547 (May 16, 2019), the claimant had moderate limitations relating to concentration, persistence or pace. The ALJ's RFC found that the claimant was limited to "simple, routine, and repetitive tasks; work involving no more than simple decision-making or the exercise of simple judgment", even though the ALJ did not explicitly include that language in the hypothetical given to the VE. The finding was supported by substantial evidence because a state agency psychologist opined that the claimant's mental impairments functionally limited her to "simple routine competitive work activities." The RFC incorporated language from the psychologist's report stating the limitation to "simple, routine" tasks. In <u>Dudley</u>, the hypothetical presented to the VE specifically incorporated language from the physicians' opinion regarding the Plaintiff. Specific language from the reports stating the limitations was included in the hypothetical question posed to the VE. For instance, one of the reports indicated that Plaintiff "may have difficulty in dealing with the general public, but she can interact otherwise". The hypothetical included this limitation as "preclusion from working direct public service in person or over the phone". Likewise, the report of one of the physicians included in the record indicated that Plaintiff had the capacity to "interact briefly with co-workers and supervisors". The RFC contained a limitation that the

Plaintiff had a "tolerance for brief and superficial interaction with supervisors and co-workers". Id., at *3. Here, the ALJ neither incorporated all of Alvesteffer's mental limitations found into the RFC, nor included opinions of a competent medical or psychological opinion that the functional limitations they expressed were described in the RFC as her mental impairments. Therefore, under the law of this Circuit, the ALJ's RFC analysis was not supported by substantial evidence. The decision should be reversed and remanded.

The Commissioner argues that the ALJ's RFC limitations due to Alvesteffer's mental impairments were supported by the evidence in the record that Alvesteffer had a short attention span. See R. 598. The reference to a short attention span does not encompass all of Alvesteffer's moderate mental limitations. The ALJ had to incorporate all of the moderate limitations into the RFC or secure competent evidence from an appropriate source that her mental impairments effectively limited her functional abilities to "understanding and carrying out simple, repetitive, and routine tasks that require not more than basic decision-making and simple changes in the work setting," and to include that information in the RFC. See Varga, 794 F.3d at 814; Dudley, 2019 WL 2152547, at *3. The ALJ

did neither. The RFC analysis, therefore, was not supported by substantial evidence. Varga, 794 F.3d at 814.

It is understandable that an ALJ in Florida would not be familiar with the law of the Seventh Circuit. Alvesteffer, however, moved to this District. This Court is the proper venue for this case, and this Court must follow the law of this Circuit. Under the law of this Circuit, the decision of the ALJ should be reversed and remanded. On remand, the Commissioner should assign the case to an ALJ who is familiar with the applicable law in the Seventh Circuit. Such an ALJ can review the entire record and the entire prior decision, collect any appropriate additional evidence, and issue a new decision on all issues that comports with the law of this Circuit. The current decision, however, should be reversed and remanded for the reasons set forth above.

THEREFORE, THIS COURT RECOMMENDS that Plaintiff Amber E. Alvesteffer's Motion for Summary Judgment (d/e 14) and Defendant Commissioner's Motion for Summary Affirmance (d/e 19) should be ALLOWED in part and DENIED in part, and the decision of the Commissioner should be AFFIRMED in part and REVERSED and REMANDED pursuant to 42 U.S.C. § 405(g) sentence four.

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of a copy of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to file a timely objection will constitute a waiver of objections on appeal.  See <u>Video Views, Inc. v. Studio 21, Ltd.</u>, 797 F.2d 538, 539 (7th Cir. 1986).  See <u>Local Rule</u> 72.2.

ENTER:   July 24, 2019

s/ <i>Tom Schanzle-Haskins</i><br>
TOM SCHANZLE-HASKINS<br>
UNITED STATES MAGISTRATE JUDGE