E-FILED
Thursday, 26 September, 2019 04:56:28 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| **AMBER ELIZABETH ALVESTEFFER,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 18-cv-03027 |
| ) | |
| **ANDREW SAUL,** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Tom Schanzle-Haskins (d/e 22). Magistrate Judge Schanzle-Haskins recommends that this Court: (1) grant in part and deny in part Plaintiff Amber Alvesteffer's Motion for Summary Judgment (d/e 14); (2) grant in part and deny in part Defendant's Motion for Summary Affirmance (d/e 19); and (3) affirm in part and reverse and remand in part—pursuant to 42 U.S.C. § 405(g) sentence four—the decision of the Commissioner. On July 29, 2019, Plaintiff filed her Objections to the Report and Recommendation (d/e 23).

For the reasons set forth below, Plaintiff's objections are SUSTAINED. The Court ACCEPTS and ADOPTS the Magistrate Judge's Report and Recommendation with one modification for clarity. Plaintiff's Motion for Summary Judgment (d/e 14) and Defendant's Motion for Summary Affirmance (d/e 19) are GRANTED IN PART AND DENIED IN PART. The decision of the Commissioner is REVERSED AND REMANDED pursuant to 42 U.S.C. § 405(g) sentence four.

## I. LEGAL STANDARD

When a magistrate judge proposes factual findings and recommendations, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district court may also receive further evidence or recommit the matter to the magistrate judge with instructions. Id. The district court reviews de novo any part of a magistrate judge's report and recommendation to which a specific written objection has been made. Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1).

In conducting this de novo review, the Court reviews the decision of the ALJ to determine whether the decision is supported

by substantial evidence. See Overman v. Astrue, 546 F.3d 456, 462 (7th Cir. 2008) (citation omitted). If the decision has such support, the Court may not substitute its judgment for that of the ALJ. See id. (citation omitted). "Substantial evidence is only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Nelson v. Apfel, 131 F.3d 1228, 1234 (7th Cir. 1997).

## II. BACKGROUND

The Court adopts the facts as presented by Magistrate Judge Schanzle-Haskins in the Report and Recommendation. The Court sets forth below only those facts necessary to resolve Plaintiff's objections to the Report and Recommendation.

Plaintiff's first application to receive Supplemental Security Income (SSI) was filed on Plaintiff's behalf by her parent when she was seventeen years old. The application alleged Plaintiff became disabled on June 15, 2005, when she was 12. Plaintiff also filed an application for childhood disability benefits for the period from June 15, 2005, when she alleged she became disabled, until her 18th birthday. The claims were denied initially and on reconsideration. An Administrative Law Judge (ALJ) issued a decision denying the

claims. A District Court in Florida, where Plaintiff lived at the time, later reversed and remanded the ALJ's decision. A second evidentiary hearing was held and an ALJ again issued a decision denying both claims. Plaintiff subsequently filed a Complaint, d/e 1, seeking judicial review of the ALJ's decision. Plaintiff ultimately filed a motion for summary judgment, d/e 14, and Defendant filed a cross-motion for summary affirmance, d/e 19.

Magistrate Judge Tom Schanzle-Haskins issued a Report and Recommendation, d/e 22, regarding the ALJ's decision and the parties' motions for summary judgment on July 24, 2019. Magistrate Judge Schanzle-Haskins determined that Plaintiff forfeited any claim of error on issues related to her claim for Childhood Disability Benefits, and therefore, the ALJ's decision denying Childhood Disability Benefits should be affirmed. Magistrate Judge Schanzle-Haskins also determined that the ALJ's denial of Supplemental Security Income, however, should be reversed and remanded, as the ALJ made a clearly reversible error that is not supported by substantial evidence.

## III. ANALYSIS

Plaintiff asserts only one objection to the Report and Recommendation issued by Magistrate Judge Schanzle-Haskins. Plaintiff notes that she filed for benefits under two Social Security programs: SSI under Title XVI of the Social Security Act, and Disability Insurance Benefits (DIB) under Title II of the Act. The latter of these programs pays benefits based on a parent's earnings to both those under the age of eighteen who have a disability, as well as those over the age of eighteen who have a disability that began before the age of twenty-two. 20 C.F.R. § 404.350(a)(5). Plaintiff's arguments in her motion concerned the adult disability criteria, rather than the different standard applied to the evaluation of claims for claimants under the age of eighteen. In a footnote, Defendant notes that Plaintiff's brief did not "discuss or contest the ALJ's findings that she was not disabled prior to age 18." Def.'s Mem. Supp. Mot. Summ. Affirmance 3 n.2. Defendant then limited his discussion to "Plaintiff's arguments regarding the ALJ's findings when she was 18 and older." Id.

"Whereas forfeiture is the failure to make the timely assertion of a right, waiver is the 'intentional relinquishment or abandonment

of a known right.'" United States v. Olano, 507 U.S. 725, 733 (1993) (quoting Johnson v. Zerbst, 304 U.S. 458, 464 (1938) (other citations omitted)). Having reviewed the record and considered the arguments of the parties, the Court concludes that Plaintiff has, at most, waived her right to appeal the denial of Disability Insurance Benefits for the period prior to when she turned eighteen. Indeed, Plaintiff does not dispute that in her objection. See Objections to Report and Recommendation 2, d/e 23. Plaintiff has not, however, forfeited the entirety of her appeal of the denial of benefits under Title II, which as previously noted may be paid in the case of a disability that begins before a claimant turns twenty-two. Plaintiff could then show that she became disabled at some point between the ages of eighteen and twenty-two and therefore still qualify for benefits under Title II. Plaintiff's brief in support of her Motion for Summary Judgment cites to the Title II regulations, in addition to the Title XVI regulations. See, Pl.'s Br. Supp. Reversing the Decision of the Comm'r 1, 21, d/e 15. That does not indicate forfeiture to the Court. Moreover, Magistrate Judge Schanzle-Haskins' Report and Recommendation cites the same Title II and Title XVI regulations. See Report and Recommendation 1, 7. The

Court clarifies then that the remand shall include reconsideration of both Plaintiff's claim for SSI under Title XVI **and** Plaintiff's claim for Disability Insurance Benefits under Title II, but only from the date on which Plaintiff turned eighteen.

Additionally, after reviewing Plaintiff's Motion for Summary Judgment and Brief in Support, Defendant's Motion for Summary Affirmance and Memorandum in Support, the Report and Recommendation, the factual record, and the applicable law, this Court finds no clear error with respect to any other portion of Magistrate Judge Schanzle-Haskins' Report and Recommendation.

### IV. CONCLUSION

For the reasons stated, IT IS ORDERED THAT:

**(1) Plaintiff Amber Alvesteffer's Objection to Report and Recommendation (d/e 23) is SUSTAINED.**

**(2) The Report and Recommendation of United States Magistrate Judge Tom Schanzle-Haskins (d/e 22) is ACCEPTED and ADOPTED, subject to the modification and clarification on the scope of remand discussed above.**

**(3) Plaintiff's Motion for Summary Judgment (d/e 14) is GRANTED IN PART AND DENIED IN PART.**

(4) Defendant's Motion for Summary Affirmance (d/e 19) is GRANTED IN PART AND DENIED IN PART.

(5) The decision of the Commissioner is REVERSED and REMANDED pursuant to 42 U.S.C. § 405(g) sentence four.

(6) THIS CASE IS CLOSED.

ENTER: September 25, 2019

*/s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE